# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOHN L. SEARS**                                                                       **CIVIL ACTION**

**VERSUS**                                                                                   **NO. 16-2935**

**MARLIN GUSMAN, ET AL.**                                                     **SECTION: "I"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, John L. Sears, a state pretrial detainee, filed this *pro se* and *in forma pauperis* federal civil rights complaint against Orleans Parish Sheriff Marlin Gusman, Dr. Scott Kennedy, Nurse Practitioner Pammalier Walker, and Deputies Weaver and Eldridge. In his complaint, plaintiff stated his claims as follows:

> On 10th Feb. 2016 I was transported from Univ. Hospital to Orleans Parish Jail with a severe ankle injury and instruction to be returned to hospital within 3 weeks for surgery. I was later told that it was Marlin Gusman policy to not get surgery for an inmate if injury did not happen at the jail. I was also told by both Drs. Kennedy and Walker that I will not be receiving any pain medication for my broken ankle – that I will have to deal with the pain. On numerous occasions I went to both Deputy Weaver and Eldridge with pleas for help – they refused to call medical dept. I finally was taken to hospital after 2 months of severe pain where surgery was performed. I was also told that I may have permanent damage to ankle because jail officials waited 2 months to get me treatment.[1]

Kennedy and Walker have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]  Plaintiff was directed to file a response to that motion on or

---

[1] Rec. Doc. 1, pp. 4-5.
[2] Rec. Doc. 16.

before July 13, 2016;[3] however, to date, no such response has been filed.  Despite the lack of an opposition, the motion should nevertheless be denied for the following reasons.[4]

When a plaintiff fails to state a claim upon which relief can be granted, defendants may, prior to filing an answer, file a motion to dismiss pursuant to Rule 12(b)(6).  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).  The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

---

[3] Rec. Doc. 18.

[4] A district court has the authority to deny a Rule 12(b)(6) motion even if no opposition to the motion is filed.  See, e.g., Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3rd Cir. 1991); Michel v. I.N.S., 119 F. Supp. 2d 485, 486 (M.D. Pa. 2000).

42 U.S.C. § 1983.  Therefore, "[t]o establish a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  Pratt v. Harris County, Texas, 822 F.3d 174, 180 (5th Cir. 2016) (quotation marks omitted).

In their motion, Kennedy and Walker argue that plaintiff's factual allegations against them, even if true, do not rise to the level of a violation of a right secured by federal law.  The undersigned disagrees.

Plaintiff's claims against Kennedy and Walker concern a purported denial of medical care. The law on such claims is clear:  regardless of whether an inmate is a pretrial detainee or a convicted prisoner, his federal constitutional rights are violated if his serious medical needs are met with deliberate indifference on the part of penal authorities.  See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).

The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required."  Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006).  Here, plaintiff alleges that he was in "severe pain" caused by a "broken ankle." The Court of Appeals has held that "non-life-threatening injuries are a serious medical need where the injuries induced severe pain."  Thomas v. Carter, 593 Fed. App'x 338, 342 (5th Cir. 2014). The undersigned therefore finds that a "broken ankle" causing "severe pain" can constitute a "serious medical need."  Cf. Watkins v. Lancor, 558 Fed. App'x 662, 666 (7th Cir. 2014) (holding that an inmate alleging that he was in "extreme pain" from a broken finger had alleged the existence of a serious medical need); Hunt v. Sandhir, 295 Fed. App'x 584, 586 (4th Cir. 2008) (a

"fractured elbow" which caused "terrible pain" was a serious medical need); Gray v. Dorning, No. 99-5212, 1999 WL 1336118, at *1 (6th Cir. Dec. 20, 1999) ("We find that [plaintiff's] broken wrist constituted a serious medical need."); Harris, 198 F.3d at 159-60 (holding that an inmate with a broken jaw and "excruciating pain" stated a claim for relief); Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990) (finding that a broken foot was a serious medical need).

Any contention that plaintiff's allegations are insufficient to state a claim of "deliberate indifference" likewise has no merit. Regarding the "deliberate difference" requirement, the United States Fifth Circuit Court of Appeals has explained: "Deliberate indifference is an extremely high standard to meet. … [T]he plaintiff must show that officials *refused to treat him, ignored his complaints,* intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks omitted; emphasis added). Here, plaintiff alleges that Kennedy and Walker told him that he would "not be receiving any pain medication for [his] broken ankle" and that he would have "to deal with the pain." Obviously, ignoring complaints of pain can in some instances constitute deliberate indifference. See, e.g., Watkins, 558 Fed. App'x at 666 ("[D]elaying treatment for, or failing to address pain caused by, a broken bone can constitute deliberate indifference."); Coleman v. Sweetin, 745 F.3d 756, 766 (5th Cir. 2014); Adams v. Edwards, Civ. Action No. 14-2649, 2015 WL 5308151, at *5 (E.D. La. Sept. 10, 2015). Therefore, accepting plaintiff's allegations as true and viewing them in the light most favorable to the him for the purposes of the instant Rule 12(b)(6) motion, the undersigned

cannot say at this stage of the proceedings that plaintiff has failed to properly allege that the defendants acted with deliberate indifference.[5]

Without expressing any opinion as to the ultimate merit of plaintiff's claims, the undersigned finds that his allegations are sufficient to state a claim under Rule 12(b)(6). Accordingly, the defendants' motion to dismiss should be denied.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the defendants' motion to dismiss, Rec. Doc. 16, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirty-first day of August, 2016.

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] The Court notes that the defendants additionally argue that plaintiff has not stated an official-capacity claim against them.  Rec. Doc. 16-1, p. 5.  On that point, the undersigned agrees.  The official-capacity claim asserted in this lawsuit is the one against Sheriff Gusman for allegedly establishing a policy that inmates will not be afforded surgery unless their underlying injuries occurred at the jail.  A fair reading of plaintiff's complaint indicates that the only claims asserted against Kennedy and Walker are the individual-capacity claims for the denial of pain medication.